9118

## CARTER v. WESTERN UNION TEL. CO.

(85 S. E. 584.)

TELEGRAMS. DELIVERY TO CARRIER. AGENCY OF MESSENGER.

1. TELEGRAPHS AND TELEPHONES—LIMITATION OF LIABILITY—LAW OF GEORGIA.—By the law of Georgia a stipulation on the back of a telegraph blank that, if the message be sent to the office by the telegraph company's messenger, such messenger is the agent of the sender for that purpose, is valid and binding, and for delay in the transmission of a dispatch caused solely by delay of such messenger, the message having been transmitted promptly after its delivery by the messenger to the company's office agent, the company is not liable.

2. TELEGRAPHS AND TELEPHONES—CONTRACT FOR TRANSMISSION OF MESSAGE—LAW GOVERNING.—Where a contract for the transmission of a telegraph dispatch was made in Georgia, and the message was sent from such State to a point in South Carolina, the law of Georgia governed the liability of the telegraph company to the recipient for delay.

Before SEASE, J., Hampton, February, 1914. Reversed.

Action by E. P. Carter against Western Union Telegraph Company. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. Geo. H. Fearons* and *Nelson, Nelson & Gettys,* for appellant, submit: *The laws of Georgia do not permit a recovery for mental anguish in absence of or disconnected with bodily injury:* 88 Ga. 673; 18 S. E. 901; 111 Ga. 824; 35 S. E. 638; 129 Ga. 181; 58 S. E. 699. *The Georgia law governs this case:* 79 S. C. 160; 85 S. C. 495; 7 A. & E. Ann. Cas. 1065. *No part of delict occurred in South Carolina:* 80 S. C. 207; 87 S. C. 219; 88 S. C. 518. *The South Carolina act allowing recovery of damages for mental anguish does not apply to interstate messages:* 34 Sup. Ct. 955; 234 U. S. 542. *The contract is governed by the Georgia law:* 2 Bailey 219; 2 Hill 605; 73 S. C. 142; *Ib.* 443; 87 S. C. 219; 85 S. C. 26. *The Georgia law is shown in 92 Ga. 613, 18 S. E. 1008. The South Carolina law is the same, 82 S. C. 20.*

*Mr. W. B. de Loach,* for respondent.

June 9, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff recovered judgment against defendant under the statute of this State for $200 actual damages for mental anguish caused by the failure of defendant to promptly transmit and deliver to him a telegram sent by his wife from Millen, Ga., to him at Hampton, S. C., under these circumstances: About July 12, 1911, Mrs. Carter, with her baby, went from Hampton to Millen to visit a relative. She had been sick and Mr. Carter accompanied her as far as Augusta and returned to Hampton the same day. He expected her to write him on her arrival at Millen, but she was not feeling well and failed to do so. If she had written him he would have received her letter, in due course of mail, the next day. Not hearing from her in the afternoon of the 14th, he telegraphed her: "No letter from you. Is there anything wrong? Wire answer." This message was promptly transmitted and delivered. Mrs. Carter replied on a blank furnished her by the messenger: "All O. K. Have written. All well. Write soon," and delivered the message to the messenger to be carried to the office and sent. On his way back to the office, the messenger ran into a tree and broke his bicycle, and went home instead of returning to the office with the message. He kept the message in his pocket until the afternoon of the 18th, when he put it on the typewriter in the office, when the agent and operator was temporarily out of the office. It was a custom with some of the patrons of the office to lay messages on the agent's typewriter, when he was out of the office temporarily, being the place where they would most likely be seen by him on his return. Finding this message there, on his return, the agent dated it the 18th (it appears to have been undated) and immediately sent it at 6:40 p. m. to Augusta, where it had to be relayed for Hampton. As the closing hour of the Hampton office was 6 o'clock p. m., it

was too late to get it to Hampton that evening, but it was sent as soon as the office opened the next morning—the 19th—and was promptly delivered to the plaintiff. In the meantime, Mrs. Carter had written to plaintiff and he had received her letter on the 16th, and she had returned home on the 18th, and was there before her message came.

The following stipulation appears on the back of the blank upon which the message was written: "No responsibility attaches to this company concerning messages until the same are accepted at one of its transmitting offices; and if a message is sent to such office by one of the company's messengers, he acts for that purpose as the agent of the sender." On the face of the blank and above the message, are these words: "Send the following message subject to the terms on the back hereof, which are hereby agreed to."

Under the law of the State of Georgia, where the contract was made and partially performed, the stipulation above quoted is reasonable, valid and binding on sender and sendee. *Stamey* v. *Tel. Co.,* 92 Ga. 613, 18 S. E. 1008. It follows that the negligence of the messenger cannot be imputed to the defendant, and that the message was not received by the defendant until 6:40 p. m. on the 18th. The undisputed evidence shows that it was transmitted and delivered with due diligence after its receipt. There being no evidence of negligence for which defendant is liable, its motion to direct the verdict should have been granted.

Judgment reversed.